UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
726 OCEAN HOLDING LLC,

             Plaintiff,

   -against-                             **MEMORANDUM AND ORDER**
                                                 Case No. 21-CV-5355-FB-VMS

DIME COMMUNITY BANK (f/k/a
THE DIME SAVINGS BANK OF
WILLIAMSBURGH); FEDERAL
HOME LOAN MORTGAGE
CORPORATION; and U.S. BANK
NATIONAL ASSOCIATION, as Trustee
for the Registered Holders of Dime
Community Bank, Multifamily
Mortgages Pass-Through Certificates,
Series 2017 Q006,

             Defendants.
--------------------------------------------------x

*Appearances:*
For the Plaintiff:
MICHAEL J. GIUSTO
Neufeld, O'Leary & Giusto
370 Lexington Avenue, Suite 908
New York, New York 10017

*For Defendant Dime Community Bank:*
THOMAS S. BAYLIS
Cullen and Dykman LLP
100 Quentin Roosevelt Boulevard
Garden City, New York 11530

*For Defendants Federal Home Loan Mortgage Corporation and U.S. Bank:*
NATHAN A. GOLDBERG
GABRIELA TREMONT
Schoeman Updike Kaufman & Gerber LLP
551 Fifth Avenue, 12th Floor
New York, New York 10176

1

**BLOCK, Senior District Judge:**

This action for breach of contract and unjust enrichment was removed from the Supreme Court of New York, Kings County. *See* 12 U.S.C. § 1452(f)(2) (authorizing removal of any action to which the Federal Home Loan Mortgage Corporation is a party). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendants move to dismiss for failure to state a claim. For the following reasons, the motion is denied in part and granted in part.

**I**

The following facts are drawn from the First Amended Complaint and are, for present purposes, taken as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

726 Ocean Holding LLC ("726 Ocean") owns an apartment building in Flatbush, Brooklyn. On May 23, 2016, it consolidated several mortgages on the property into a single $3.4 million mortgage held by Dime Community Bank, formerly known as the Dime Savings Bank of Williamsburgh ("Dime"). The mortgage was subsequently transferred to U.S. Bank, with the Federal Home Loan Mortgage Corporation ("Freddie Mac") acting as master servicer and Dime acting as sub-servicer.

The 2016 mortgage had a ten-year term with a fixed interest rate for the first five years and an adjustment to that rate for years six through ten. Dime agreed to provide written notice of the adjusted rate "at least forty-five (45) days prior for the expiration of the fifth (5th) Loan Year." Decl. of Thomas S. Baylis (Feb. 4, 2022), Ex. B at 7.

726 Ocean, in turn, had the right to accept or reject the adjusted rate by providing written notice "[n]ot less than twenty (20) days prior to the expiration of the fifth (5th) Loan Year." *Id.* If 726 Ocean timely rejected the adjusted rate, all principal and accrued interest became due and payable on June 1, 2021. If, on the other hand, it accepted the adjusted rate, it agreed to pay 1% of the outstanding principal as an "extension fee." *Id.* at 8. A failure to timely reject the adjusted rate was deemed an acceptance.

On January 26, 2021, 726 Ocean notified Dime by email that "[t]his Dime loan is coming due soon" and that it "would like to commence the refi[nancing] process." Defs. Reply Mem of Law, Ex. A. On April 12, 2021, Dime notified 726 Ocean in writing of the adjusted interest rate for years six through ten. Decl. of Thomas S. Baylis (Feb. 4, 2022), Ex. C.[1] 726 Ocean did not respond to the notice.

---

[1] The mortgage documents and correspondence cited above are not attached to the complaint. However, in considering a motion to dismiss, a court may also consider documents referenced in the complaint and documents that form the basis

3

However, the parties proceeded with its request to refinance. Dime declined to refinance the mortgage, but 726 Ocean obtained financing from another lender.

A closing was scheduled for May 27, 2021, two business days before the mortgage came due. In anticipation of the closing, Dime provided a payoff letter stating the amount due as of that date.

Due to an error in documents prepared by Dime, the May 27 closing was adjourned and, through no fault of 726 Ocean, could not be completed by June 1. Instead, the refinancing closed on June 18, 2021.

Unlike its prior payoff letter, Dime's payoff letter for the June 18 closing included a 5% "prepayment penalty" on the assumption that the mortgage had been renewed. It did not, however, include the 1% "extension fee." To avoid further delay of the closing, 726 Ocean paid the prepayment penalty under protest. It then filed the present action to recover the fee, which totaled $151,483.28.

## II

The complaint asserts two claims: breach of contract against U.S. Bank (as Dime's successor) and unjust enrichment against all defendants. Both are premised on the argument that Dime was not entitled to the prepayment penalty. It is undisputed that Dime was entitled to a 5% prepayment penalty if the mortgage

---

of the lawsuit. *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

was paid off in the sixth year, that is, in the first year after being extended. *See* Bayless Decl., Ex. B at 9.

726 Ocean argues that it rejected the option to extend the mortgage in its January 21st email. The defendants respond that 726 Ocean did not reject the extension, which was therefore deemed accepted.

Thus, the key question is whether the January 21st email constituted a rejection. In the context of a motion to dismiss, 726 Ocean need only rely on facts that make that interpretation of the email plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The mortgage documents contemplate that Dime would notify 726 Ocean of the adjusted rate and that 726 Ocean would respond by accepting or rejecting it. As it happened, however, 726 Ocean's January 21st email seeking to refinance predated Dime's April 12th notice. The defendants argue that 726 Ocean could not logically have accepted or rejected an adjusted rate that did not yet exist, but the Court disagrees. It is well-established that a party can anticipatorily breach a contract. *See, e.g., Norcon Power Partners, L.P. v. Niagara Mohawk Power Corp.*, 92 N.Y.2d 458, 462-63 (1998). Just as a party can declare its intention not to perform before performance is due, there is no reason why 726 Ocean could not declare in advance that it was rejecting the adjusted rate no matter what it turned

5

out to be.

Indeed, the parties appear to have acted as if that is what happened. Both Dime and 726 Ocean proceeded under the assumption that the mortgage would not be extended because it would be paid off before it came due. Dime's first payoff letter was clearly based on that assumption. Although its second letter, prepared based on the post-maturity closing date, included a prepayment penalty, it did not include the 1% extension fee that it should have charged if it thought 726 Ocean had agreed to accept the extended term. As the New York Court of Appeals long ago observed, "There is no surer way to find out what parties meant than to see what they have done." *Town of Pelham v. City of Mt. Vernon*, 304 N.Y. 15, 23 (1952) (quoting *Brooklyn Life Ins. Co. v. Dutcher*, 95 U.S. 269, 273 (1877)).

It bears emphasizing that the disputed prepayment penalty would not have been assessed—and this lawsuit would not have been necessary—had the closing taken place on May 27, 2021. According to the complaint, the delay was solely attributable to Dime. The Court is loath to give its imprimatur to a penalty imposed due to a delay for which 726 Ocean bore no responsibility.

In sum, the Court concludes that the complaint plausibly alleges that 726 Ocean rejected the extension of the mortgage and, therefore, that the prepayment penalty was improperly assessed. Since its breach of contract claim would provide

6

an adequate remedy against U.S. Bank, its unjust enrichment claim is duplicative as to that defendant. *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 389 (1987) ("It is impermissible . . . to seek damages in an action sounding in quasi contract where the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties."). However, the complaint also alleges that Dime and Freddie Mac retained a portion of the prepayment penalties as servicers of the mortgage. The unjust enrichment claim is not duplicative as to those defendants.

A final word of warning: If 726 Ocean is correct that its January 21st email constituted a rejection of an option to extend, then the mortgage became due on June 1, 2021. Since it was not paid until June 18, 2021, U.S. Bank was arguably entitled to a 5% late fee and "default interest." Bayliss Decl., Ex. B. at 26-27. There may be, as 726 Ocean argues, reasons why it could not recover those amounts. Since U.S. Bank has not made any counterclaims, there is no reason for the Court to reach the issue. However, 726 Ocean should be aware that its position carries risks as well as rewards. This might, at least, encourage the parties to work towards an amicable resolution of their dispute.

## III

The defendants' motion to dismiss is granted as to the unjust enrichment

claim against U.S. Bank and otherwise denied. The case shall proceed on the breach of contract claim against U.S. Bank and the unjust enrichment claim against Dime and Freddie Mac.

**SO ORDERED.**

\_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 14, 2023